UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA ANNE CABLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | CASE NO. 1:08-cv-1251-DFH-TAB |
| INC., NURSE FNU ALBRIGHT, MARION ) | |
| COUNTY SHERIFF FRANK ANDERSON, ) | |
| and COMMUNITY EDUCATION ) | |
| CENTERS, INC., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON PENDING MOTIONS

Plaintiff Theresa Anne Cable pled guilty to an offense and was sentenced by a state court to a term in the Marion County Jail. Cable alleges that she suffers from an ulcer and needs prescription medication to control the problem. She alleges that defendants deliberately denied her needed medication in violation of Indiana law and the Eighth Amendment to the United States Constitution. She also alleges that she was injured when an unnamed deputy sheriff deliberately drove a jail vehicle so as to hurt her when she was riding in back in handcuffs.

Several motions are pending. First, defendant Sheriff Frank Anderson moved for judgment on the pleadings based on the claims in Cable's amended complaint. Dkt. No. 23. Second, plaintiff Cable moved for leave to file a second

amended complaint. Dkt. No. 39. In her reply brief in support of that motion, plaintiff added a request for a modest financial sanction against the sheriff and his counsel based on portions of the sheriff's opposition memorandum. Dkt. No. 50. These matters are all ripe for resolution. (The sheriff's motion to stay discovery is not yet ripe. See Dkt. No. 46.)

The court grants plaintiff's motion for leave to file the second amended complaint. The second amended complaint attached to the plaintiff's motion shall be deemed filed as of today's date. The sheriff objected to this motion on the ground that he wanted the court to rule first on his pending motion for judgment on the pleadings. Motions under Rule 12(b)(6) and Rule 12(c) often trigger an amendment, and even where the court grants such a motion, the court ordinarily must allow the plaintiff an opportunity to amend to cure the pleading defects. When a court grants a motion to dismiss under Rule 12(b)(6), it should ordinarily allow the plaintiff an opportunity to amend the complaint. See, *e.g.*, *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 690 (7th Cir. 2004) (reversing denial of leave to amend, and stating that leave to amend should be denied only where "it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted"), quoting *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1266 (7th Cir. 1978). There is no need to repeat the briefing on the sheriff's motion; the court simply applies that briefing to the second amended complaint.

The court grants in part and denies in part the sheriff's motion for judgment on the pleadings. First, plaintiff's state law claims sound in tort and are subject to the Indiana Tort Claims Act. The Act requires a plaintiff to serve a tort claim notice on the defendant within 180 days of the loss. Ind. Code § 34-13-3-8. The requirement is a procedural condition precedent to pursuing the claim. *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. App. 1999). Once the defendant raises the issue, the plaintiff must prove compliance. *Id.*, citing *Thompson v. City of Aurora*, 325 N.E.2d 839, 843 (Ind. 1975). Plaintiff has responded not by alleging that she complied with the requirement but by arguing that she is not required to plead that she has done so. Plaintiff surely knows whether she did so. If she cannot allege that she has done so, there is no point in prolonging these claims.

Plaintiff also suggests that she is actually asserting claims for breach of contract that are not subject to the Indiana Tort Claims Act. The underlying claims for failure to provide adequate medical care sound in tort, however. Plaintiff's theory for holding Sheriff Anderson liable under state law is based in part on an alleged contractual duty to supervise the companies who contracted to provide medical care at the jail facilities. That theory for holding Sheriff Anderson liable under state law is in essence a respondeat superior theory applied to an underlying tort claim. See Second Amended Compl. ¶ 41. This theory does not avoid the state law requirement for notice.

Second, plaintiff has made it clear that she is suing Sheriff Anderson under 42 U.S.C. § 1983 in his individual capacity, not his official capacity. The sheriff argues that plaintiff has failed to allege his personal involvement in the alleged deliberate failures to provide adequate medical care. A public official's liability under Section 1983 may not be based on a theory of respondeat superior. *Monell v. Dep't of Social Services the City of New York*, 436 U.S. 658, 691 (1978).

The Eighth Amendment claims in the second amended complaint are not limited to a theory of respondeat superior. Cable alleges a deliberate failure by the sheriff to supervise the actions of subordinates and contractors so as to cause the alleged violations of her rights. The second amended complaint alleges as follows against Sheriff Anderson:

> Sheriff Anderson violated Cable's rights when he demonstrated deliberate indifference by failing to monitor Defendant CMS and CEC's provision of medical services at Jail #1 and Liberty Hall, respectively, his failure to supervise compliance with the CEC contract in providing medical services at Liberty Hall, and failing to ensure the proper transfer of inmates from one facility to another.

Sec. Am. Compl. ¶ 40. Cable also alleges that Sheriff Anderson has not required CEC and CMS to comply with state law regarding inmates' prescriptions, medical staffing of jail facilities, and has not properly supervised medical care at Jail #1 or Liberty Hall. *Id.* at ¶ 33.

Under Section 1983, a senior official like the sheriff may be held liable for a violation of constitutional rights if he set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, that he knew or reasonably should have known would cause others to inflict the constitutional injury. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Liability can be imposed against a supervisory official in his individual capacity for his "own culpable action or inaction in the training, supervision, or control of his subordinates," for his "acquiesce[nce] in the constitutional deprivations of which [the] complaint is made," or for conduct that showed a "reckless or callous indifference to the rights of others." *Id.* (citations omitted).

Supervisory liability under Section 1983 may be shown "by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation." *Bonner v. Chambers County*, 2006 WL 1731135, at *4 (M.D. Ala. June 19, 2006) (denying county commissioner's motion to dismiss), quoting *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988). In *Bonner*, the plaintiffs alleged that they had been victims of a series of sexual assaults and other wrongs in the county jail. They did not allege that the county commissioner had personally participated in the sexual abuse. They alleged that he had a state law duty to inspect and to aid in the provision of just, humane, and economic management of county jails and that he had knowledge of the widespread sexual abuse of inmates. The district court described these allegations as "thin" but

sufficient to survive the motion to dismiss. *Id.*, citing *Clark v. Evans*, 840 F.2d 876, 885 (11th Cir. 1988) (causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so).

Similarly here, plaintiffs allege a deliberate and knowing failure by the sheriff to supervise that might, if proven, be sufficient to support individual liability against the sheriff. It remains to be seen, of course, whether plaintiff can prove such conduct, but these claims survive the motion to dismiss.

The court also denies plaintiff's request (not really a motion) for sanctions. The court finds disagreements in the record and the way it was characterized, but no error, let alone anything resembling a deliberate misrepresentation of the record.

Accordingly, plaintiff's motion for leave to file the Second Amended Complaint (Dkt. No. 39) is hereby granted, and the tendered Second Amended Complaint shall be deemed filed today. Second, defendant Sheriff Anderson's motion for judgment on the pleadings (Dkt. No. 23) is granted with respect to the state law claims and denied with respect to the federal law claims alleged in the Second Amended Complaint. The court denies plaintiff's informal request for sanctions.

-7-

So ordered.

Date: January 27, 2008

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-8-

Copies to:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Carol A. Dillon
SWEETIN & BLEEKE, P.C.
carol@sweetinbleeke.com

Storrs W. Downey
BRYCEDOWNEY LLC
sdowney@brycedowney.com

Carolyn E. Kang
BRYCEDOWNEY LLC
ckang@brycedowney.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Richard G. McDermott
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com